UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Michael Funtila, | Case No. 2:24-cv-00776-DJA |
| Plaintiff, | |
| v. | Order |
| Alicia Casey and James Grant, | |
| Defendants. | |

Pro se Defendants Alicia Casey and James Grant[1] filed an application to proceed *in forma pauperis*. (ECF No. 3). However, the application is incomplete. The Court thus denies the application without prejudice.

**I.      *In forma pauperis* application.**

Under 28 U.S.C. § 1915(a)(1), a person may bring a civil action "without prepayment of fees or security therefor" if the person submits a financial affidavit that demonstrates the person "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940

---

[1] Defendants have attached a document titled "Notice of Removal" citing 28 U.S.C. § 1446(b) to their application to proceed *in forma pauperis*.

(9th Cir. 1981) (citation omitted).  If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a person's financial status and to deny a request to proceed *in forma pauperis*.  *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately").  "Such affidavit must include a complete statement of the [person]'s personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016).  Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application.  *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

As a preliminary matter, it is not clear which Defendant has filed the application to proceed *in forma pauperis*.  Although only one filing fee needs to be paid per case, if multiple parties seek to proceed without paying the filing fee, each party seeking to do so must qualify for *in forma pauperis* status.  *Anderson v. California*, No. 10-cv-02216-MMA-AJB, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010).  This means that both Alicia Casey and James Grant must file applications.  Additionally, the application is incomplete because whoever filed the application did not list their employer in response to question 2 and the application is not signed or dated on page 3.  (ECF No. 3 at 2).  The Court will give Casey and Grant another opportunity to file their respective applications to proceed *in forma pauperis*.  The Court denies the instant *in forma pauperis* application without prejudice.

**II.     Jurisdiction.**

Since the Court denies Defendants' application, it does not screen the initiating documents at this time.  *See* 28 U.S.C. § 1915(e)(2) (explaining that the court is required to screen cases filed by parties proceeding without paying the filing fee).  However, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the

parties raised the issue or not"); *see Bullard v. Smith*, No. 19-cv-65-WQH-LL, 2019 WL 338595, at *1-2 (S.D. Cal. Jan. 28, 2019) . But here, the Court cannot make a jurisdictional assessment on the documents the Defendants filed because they did not include "a copy of all process, pleadings, and orders" served on them in the underlying state court action. *See* 28 U.S.C. § 1446(a). While Plaintiff attached certain of the state court filings to his motion to remand, it appears that certain documents—like Plaintiff's complaint for summary eviction filed on April 18, 2024—were not included. (ECF No. 6). And ultimately, it is Defendants' responsibility to file the state court documents in federal court under 28 U.S.C. § 1446(a). The Court will thus require that Defendants file the documents required by 28 U.S.C. § 1446(a)*.*

**IT IS THEREFORE ORDERED** that Defendants' application to proceed *in forma pauperis* (ECF No. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that each Defendant shall have until until **July 15, 2024** to file an application to proceed *in forma pauperis*. Both Defendants must file separate applications. Alternatively, Defendants may choose to pay the filing fee on or before **July 15, 2024.** If Defendants choose to pay the filing fee, they need only make a one-time payment. They do not each need to pay the filing fee. [2]

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Defendants a copy of this order and two copies of the Short Form application to proceed *in forma pauperis* and its instructions.[3]

**IT IS FURTHER ORDERED** that Defendants must include the documents required by 28 U.S.C. § 1446(a) with their applications to proceed *in forma pauperis* or their filing fee.

---

[2] Defendants are informed that this order does not impact any other case-related deadlines, including the deadline by which Defendants must respond to Plaintiff's motion to remand (ECF No. 6).

[3] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/.

1  **IT IS FURTHER ORDERED** that failure to comply with this order may result in
2  **case terminating sanctions.**

4  DATED: June 14, 2014

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE